**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

GRADY NEWINGHAM
ADC #108395

MALIK A. KHABIR
A/K/A LEROY McCOY
ADC #106881                                                                                              PLAINTIFFS

V.                                    NO: 5:06CV00275 WRW/HDY

BENNY MAGNESS *et al.*                                                                        DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.      Why the record made before the Magistrate Judge is inadequate.
    2.      Why the evidence proffered at the hearing before the District

>   Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.
>
> 3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite 402
>   Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiffs filed this *pro se* complaint, pursuant to 42 U.S.C. § 1983, on October 20, 2006, and service was ordered. Now pending are a motion for summary judgment, a brief in support, and a statement of facts, filed by Defendants (docket entries #152-#154), and a motion for summary judgment filed by Plaintiffs (docket entry #192). Plaintiffs have also filed a response to Defendants' motion (docket entry #180-#181)

### I. Standard of Review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the

nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II.  Analysis

Plaintiff Malik A. Khabir is an "Islamic Hebrew," and Plaintiff Grady Newingham is of the "Messianic Judiac Faith." Neither Plaintiff believes he should cut his hair or beard according to the ADC's grooming policy, and both men desire certain other religious accommodations. Plaintiffs contend that they are being denied their religious rights under the federal and state constitutions, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a)(1)-(2). RLUIPA provides in part: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the burden furthers "a compelling governmental interest," and does so by "the least restrictive means." Plaintiffs specifically challenge the grooming policy, lack of access to prayer rugs and other ceremonial items, and the religious meals they are being provided. Plaintiff seek declaratory and injunctive relief, and damages.

Defendants assert that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law, that Plaintiffs have not exhausted their administrative remedies with respect to many of the Defendants, and that Khabir's claim regarding the grooming policy is barred

3

by the doctrines of *res judicata*, and collateral estoppel. Defendants also assert sovereign and qualified immunity. For the reasons set forth below, Defendants' motion for summary judgment should be granted, and Plaintiffs' complaint should be dismissed.

*1.     Failure to exhaust*

At the outset, the Court notes that Defendants allege that Plaintiffs have not exhausted their administrative remedies with respect to Defendants Benny Magness, Drew Allen Baker, Kelly Pace, Mary Parker, Leroy Brownlee, and W.L. Ferren, all members of the Arkansas Board of Correction; and Thomas Hurst, Kim Luckett, Yolanda Clark, James Gibson, Larry May, and Rick Toney, all ADC employees.

Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir.2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and if not, dismissal of the complaint is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 628 (8th Cir. 2003).

Defendants' exhibits G and H of docket entry #152 appear to demonstrate that Plaintiffs have not filed any grievances with respect to their allegations against Magness. Baker, Pact, Parker, Brownlee, Ferren, Hurst, Luckett, Clark, Gibson, May, or Toney. Plaintiffs' complaint also makes clear that Newingham was, at the time this lawsuit was filed, in the process of exhausting his claims regarding his being denied tassels, a prayer rug, and a prayer shawl. In response, Plaintiffs assert that they have exhausted their remedies, and point to a number of grievances they contend demonstrate

exhaustion. Even if the Court were to dismiss Plaintiffs' claims against some Defendants for the failure to exhaust administrative remedies, other Defendants would remain. All the Defendants have been involved in some way with approving, or enforcing, the ADC rules that Plaintiffs allege violate their rights. Thus, even though exhaustion may not have been properly completed as to each claim, and each Defendants, the Court will consider the merits of Plaintiffs' complaint.

*2. Plaintiffs' claims*

Plaintiffs allege that their religious rights under the constitution and RLUIPA have been violated. The violations are alleged to have occurred in three areas of concern: the ADC's grooming policy, the allegedly insufficient dietary accommodations, and the alleged denial of prayer rugs and ceremonial items. Khabir also seeks to have the ADC refer to him only as Malik Khabir, rather than Khabir, and Leroy McCoy, his name at the time of his incarceration.

A. <u>Grooming policy</u>

Plaintiffs assert that the current ADC grooming policy requiring haircuts and shaving violates the First Amendment's guarantee of free exercise of religion, and RLUIPA.[1] Plaintiffs also assert the policy violates their right to equal protection. In a case with similar facts, United States District Judge James M. Moody ruled, on August 25, 2006, that the ADC's grooming restrictions were contrary to the religious beliefs of a male inmate who did not want to cut his hair, but did not violate his First Amendment rights. Judge Moody also determined that the grooming restrictions furthered compelling penological concerns, were the least restrictive alternative available to accomplish the goals of the institution, and thus met RLUIPA's strict scrutiny standard. *Fegans v. Norris*, ED/AR

---

[1]Administrative Directive 98-04 requires male inmates to cut their hair "to be above the ear, with sideburns no lower than the middle of the ear lobe and no longer in the back than the middle of the nape of the neck." See docket entry #193, exhibit #2.

4:03CV172. Judge Moody noted that *Cutter v. Wilkinson*, 544 U.S. 709 (2005), said Courts should give "due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security, and discipline" when reviewing a regulation under RLUIPA's compelling interest standard.

In another similar case, the undersigned concluded that the ADC grooming policy violated the religious beliefs of a female inmate who believed she should not cut her hair, but determined that the ADC policy was constitutional, and did not violate RLUIPA. *See* ED/AR No.1:06CV29 *Arnold v. Norris et al.* Consistent with the decisions in *Fegans* and *Arnold,* the undersigned concludes that, while the ADC's policy conflicts with Plaintiffs' religious beliefs, it is supported by compelling penological concerns, including, as Defendants note in their motion, the security and safety of officers and other inmate, as well as inmate hygiene. Giving the deference due to the expertise of prison and jail administrators, the undersigned further concludes it is the least restrictive alternative available to accomplish those compelling concerns, and is therefore not a violation of RLUIPA, or of Plaintiffs' First Amendment rights.

Plaintiffs are also asserting an equal protection claim with respect to the grooming standards, alleging that female inmates and inmates with certain medical conditions are exempted from the grooming policy. However, Plaintiffs have not identified any similarly situated inmates who have been exempted from the policy's requirements; thus, their equal protection claim fails.

 B. <u>Dietary accommodations</u>

Although both Plaintiffs complain that their meals are inadequate and not being prepared properly, Newingham is apparently not even on a Kosher diet plan, and Khabir has only requested a pork free diet. Newingham requested to be placed on the Kosher diet on April 2, 2004 (docket

entry #152, exhibit K), and was placed on the diet. Khabir requested the diet on September 6, 2005, and was also placed on the diet (exhibit L). Newingham requested to be removed from the Kosher diet on May 7, 2007 (docket entry #152, exhibit O). At that time, Newingham indicated that he would be able to avoid non-Kosher meats, even on the regular diet. Khabir requested to be removed from the Kosher diet on December 12, 2005, due to medical reasons (docket entry #152, exhibit M), and, on February 27, 2006, requested a pork free diet, which was honored (docket entry #152, exhibit N). In their complaint, Plaintiffs admit that the pork free diet is a "special" benefit for the Muslim prisoners and the Ramadan meals. There is no indication that any diet Plaintiffs are or were on is or was nutritionally insufficient, and many of Plaintiffs' claims center on their mere speculation that some items may be contaminated. Thus, it appears that Defendants have adequately provided for Plaintiffs' dietary needs, and Plaintiffs' claims with respect to their diet should be dismissed.[2]

    C.    <u>Prayer rugs and ceremonial items</u>

Khabir asserts that he has been denied a prayer rug, and Newingham claims that he has been denied a prayer rug, prayer oils and certain ceremonial items. A statement from an Islamic coordinator, 'Agin Muhammad, Sr., indicates that a prayer rug is not required to make prayers (docket entry #152, exhibit Q). There is no evidence that a rug, or other items, are required by Newingham's faith. The Court concludes that the denial of the rug and other items is not only constitutional, but also the least restrictive alternative available to accomplish the ADC's legitimate security concerns, and is not a violation of RLUIPA.

Additionally, the Court concludes that Plaintiffs' complaint that the commissary does not

---

[2] Plaintiffs suggest that they each need a qualified leader of their respective religious faiths to supervise meal production, and to assist with year-round festivals. However, there is no indication that any such leader is available, and has been prevented from providing such assistance.

carry a wide enough selection of Kosher grooming products does not set forth facts sufficient to establish a constitutional or RLUIPA violation.

        D.      Khabir's name

The ADC refers to Khabir by the name he had when he was first incarcerated, as well as his new name. The use of an inmate's commitment name, along with his religious name, has already been endorsed by the Court of Appeals for the Eighth Circuit. *See Salaam v. Lockhart*, 905 F.2d 1168 (8th Cir. 1990). In *Salaam*, the Appeals Court determined that the ADC's policy at the time, which allowed only the use of an inmate's committed name on prison clothing, in prison records, and in the mail room delivery lists, was an unreasonable restriction on inmates' First Amendment rights. The Court noted that the use of an a/k/a alternative provided a viable means of allowing a prisoner to use his religious name, while maintaining an accurate prison record. The *Salaam* case was decided under the standard articulated in *Turner v. Safley*, 482 U.S. 78 (1987), which held that a prison regulation that impinges on an inmate's constitutional rights is valid if it is reasonably related to legitimate penological interests. In this case, Plaintiffs have also alleged violations under RLUIPA. However, the undersigned concludes that the ADC's policy of using both names does not impose a "substantial burden" upon Khabir's exercise of his religion, and is therefore not a violation of RLUIPA's more exacting standards.[3] Thus, Plaintiff's claim regarding his name should be dismissed.

*3. Immunity*

Defendants have also asserted sovereign and qualified immunity. Plaintiffs' complaint

---

    [3]Moreover, in his response to Defendants' motion, Khabir has admitted that the grievance concerning his name was not exhausted until after the complaint was filed.

indicates that they are proceeding against Defendants in their individual and official capacities. However, a suit for damages against state officials in their official capacities is in essence a suit against the state itself, which is precluded by the Eleventh Amendment. *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir. 1989). The Court also concludes that Defendants are entitled to qualified immunity in their individual capacities as to all of Plaintiffs' claims. Plaintiffs failed to demonstrate that any Defendant violated clearly established principles of law of which a reasonable person would have knowledge. *See Ludwig v. Anderson*, 54 F.3d 465, 470 (8th Cir. 1995) (discussing qualified immunity). Thus, sovereign and qualified immunity provide an additional basis for the dismissal of all of Plaintiffs' claims except for those seeking injunctive relief.

*4. State claims*

Plaintiffs have also raised claims pursuant to state law. Because the undersigned has determined that Defendants' motions for summary judgment should be granted with respect to Plaintiff's federal claims, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state claims, and dismiss those claims without prejudice. *See Gibson v. Weber*, 433 F.3d 642 (8th Cir. 2006) (Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #152) be GRANTED, and Plaintiffs' complaint be DISMISSED WITH PREJUDICE.

2. Plaintiffs' motion for summary judgment (docket entry #192) be DENIED.

3. All other pending motions be DENIED AS MOOT.

4.  Because all of Plaintiffs' federal claims should be dismissed, Plaintiffs' state claims should be DISMISSED WITHOUT PREJUDICE.

DATED this __8__ day of February, 2008.

_____
UNITED STATES MAGISTRATE JUDGE