IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GRADY NEWINGHAM

MALIK A. KHABIR
A/K/A LEROY McCOY
ADC #106881                                                                                       PLAINTIFFS

V.                                  NO: 5:06CV00275 JLH/HDY

BENNY MAGNESS *et al.*                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

   1.     Why the record made before the Magistrate Judge is inadequate.
   2.     Why the evidence proffered at the hearing before the District
          Judge  (if such a  hearing is granted)  was not  offered at  the

        hearing before the Magistrate Judge.

3.       The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## DISPOSITION

Plaintiffs Grady Newingham and Malik A. Khabir filed this complaint alleging violations of their constitution rights, and their rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a)(1)-(2). Although most of Plaintiffs' claims have been dismissed, the United States Court of Appeals for the Eighth Circuit has remanded the case for consideration of Khabir's request for injunctive relief in the form of a prayer rug. Pursuant to the remand, a hearing was held on October 5, 2010, to consider Khabir's request.

Khabir is an "Islamic Hebrew" incarcerated at the Arkansas Department of Correction's Varner Super Max Unit, where he is currently assigned to the 18-month behavior modification program. Inmates in the program are commonly assigned to the program because of exhibiting assaultive behavior, and are limited in the amount of property they may possess in their cells.

As part of the practice of his faith, Khabir must separate himself from the unclean floor while

he is praying. Khabir asserts that he is being denied access to a prayer rug to use for this purpose during his prayers. According to testimony offered by James Banks, the warden at the Varner Super Max Unit, segregated inmates such as Plaintiff are not allowed to possess prayer rugs due to the security risk they pose.[1] Khabir contends this imposes a substantial burden on the exercise of his religious beliefs in violation of his rights under RLUIPA. RLUIPA provides in part: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the burden furthers "a compelling governmental interest," and does so by "the least restrictive means."

To make out a prima facie RLUIPA claim, Khabir must show, as a threshold matter, that there is a substantial burden on his ability to exercise his religion. Government policy imposes substantial burden on the exercise of religion where it significantly inhibits or constrains religious conduct or religious expression, meaningfully curtails an inmate's ability to express adherence to his faith, or denies him reasonable opportunities to engage in activities that are fundamental to his religion. *Van Wyhe v. Reisch*, 581 F.3d 639, 655-656 (8th Cir. 2009). The religious exercise need not be compelled by, or central to, a system of religious belief. *Id.* at 655 (citations omitted).

Khabir initially testified that a prayer rug is necessary to separate himself from the unclean floor while he is praying. According to Khabir, using a blanket is unsatisfactory because it would cause the blanket to become dirty. Khabir also testified that praying on his bed is not an option, as he needs to face a certain direction, and the beds do not have enough room to allow him to adjust his position as needed. Plaintiff ultimately testified that the rug itself is significant. The prison's policy of withholding a prayer rug undoubtedly imposes somewhat of a burden on Plaintiff's exercise

---

[1] Inmates in general population units are allowed to possess prayer rugs.

of his religious beliefs, but the issue is whether the burden is substantial. Courts have found that similar restrictions are not substantial burdens under RLUIPA. *See Hodgson v. Fabian*, 2010 WL 2245004 (8th Cir. 2010)(unpublished per curiam)(denial of Wiccan's prayer oils not a substantial burden under RLUIPA); *Willard v. Hobbs*, Case No. 2:08CV24, 2009 WL 2497637 at *10 (E.D. Ark. August 12, 2009) (unpublished opinion) (denial of alter cloth, oils, salt, and non-conforming bell, not a substantial burden on Wiccan's exercise of religion).

Plaintiff's testimony indicated that he is free to practice his faith in most respects. For instance, Plaintiff testified that, although he cannot have a prayer rug, prison officials do not prevent him from praying. Additionally, Plaintiff testified that he is allowed to possess religious materials, and meet with a spiritual advisor. It appears from the testimony offered that materials already in Plaintiff's cell, such as a blanket or bed sheets, would separate his body from the unclean floor. Plaintiff has failed to carry his burden of proving that the lack of a prayer rug amounts to a substantial burden on the practice of his faith. Thus, Plaintiff failed to meet his burden of proving that an injunction should be issued, because he failed to introduce evidence to demonstrate the restriction significantly inhibits or constrains his religious conduct or expression, meaningfully curtails his ability to express adherence to his faith, or denies him reasonable opportunities to engage in activities that are fundamental to his religion.

Moreover, even if the prayer rug restriction is considered a substantial burden, the evidence indicates that the policy prohibiting prayer rugs for inmates housed in the super max unit on a behavior modification program is the least restrictive means of furthering the compelling governmental interests of maintaining security at the unit, and encouraging compliance with rules which are designed to facility safe and orderly operation of the prison. RLUIPA does not "elevate

accommodation of religious observances over an institution's need to maintain order and safety." *Cutter v. Wilkinson*, 544 U.S. 709, 722 (2005). *See also Muhammad/Smith v. Freyder*, 2007 WL 1116045 (E.D. Ark. April 12, 2007)(unpublished)(safety, order, and reformative strategy, are acceptable reasons under RLUIPA to impose a substantial burden on segregated inmate by denying a religious privilege available to others).

Defendants clearly have a compelling interest in maintaining security and order in the super max unit, and maintaining security and order in the super max unit is by definition, given the nature of the inmates assigned, a more complicated and challenging task than that faced by a general population unit. For that reason, heightened security is required. Part of the concern Defendants have is that a tightly rolled prayer rug could be used as a weapon itself. Banks testified that a rug could be used to cover windows used to allow guards to see into the segregation cells or as an object to "jam" and barricade a cell door. It could also be used to conceal contraband. Defendants have also indicated that Plaintiff may possess a prayer rug when he is no longer assigned to segregation. Encouraging compliance with prison rules furthers the prison's compelling interest in maintaining order. There is no evidence of the existence of a less restrictive means of furthering the government's compelling interests, other than to prevent segregated inmates from possessing a prayer rug for only the time they are held in segregation. Accordingly, Plaintiff's request for injunctive relief in the form of access to a prayer rug should be denied, and his complaint should be dismissed.[2]

---

[2] Because Khabir failed to demonstrate that an injunction should be issued, the Court should decline to exercise jurisdiction over Plaintiff's state law claims. *See Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006) (Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed).

IT IS THEREFORE RECOMMENDED THAT Plaintiff Malik A. Khabir's request for injunctive relief in the form of access to a prayer rug be DENIED, and this case be DISMISSED WITH PREJUDICE.

DATED this __19__ day of October, 2010.

_____
UNITED STATES MAGISTRATE JUDGE